**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Sanchez Ibarra and Martha Gayou Matiella, husband and wife; et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>Kennedy Funding, Inc., a foreign corporation; et al.,<br><br>            Defendants. | CIV 13-2371 TUC JGZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to set aside entry of default, filed by the defendant, Kennedy Funding Inc. (Doc. 7)

This action arises out of a loan in the amount of $3.46 million made by the defendant, Kennedy Funding, Inc., to the defendant, Fuentes, Gomez & Associates, LLC. (FG&A). The loan was secured by a mortgage on certain property in Mexico, granted by the plaintiffs. FG&A defaulted on the loan, and Kennedy Funding has been unable to foreclose on the Mexican property. Kennedy Funding now claims the individual plaintiffs are liable for the debt. The plaintiffs seek, among other things, a declaratory judgment stating they are not indebted to Kennedy Funding for any amount. They assert any documents to the contrary are forgeries. In the pending motion, the defendant, Kennedy Funding, moves that this court set aside default entered against it pursuant to Fed.R.Civ.P. 55(c).

The case has been referred to Magistrate Judge Bowman for report and recommendation pursuant to the Local Rules of Practice. LRCiv 72.1.

Background

This action was originally filed in Santa Cruz County Superior Court on October 29, 2013. (Doc. 1-4, p. 2)  The defendant, Kennedy Funding, was served on November 21, 2013. (Doc. 7, p. 2)

Counsel for Kennedy Funding telephoned the plaintiffs' counsel and asked for a 30-day extension of the deadline for responding to the complaint because he had just been retained and had travel commitments during the holidays.  The plaintiffs' counsel agreed to the extension, and counsel for Kennedy Funding followed up with an email explaining he would "have a stipulation put together and send it over to you."  (Doc. 7-1, p. 2)

Shortly afterwards, Kennedy Funding removed the case to this court alleging diversity jurisdiction.  The plaintiffs' counsel was apparently perturbed by the change in jurisdiction and revoked his agreement to an extension of the deadline.  (Doc. 7-1, p. 5)  Counsel for Kennedy Funding responded that his need was genuine and his actions were reasonable.  He further explained that if plaintiffs' counsel insisted on rescinding the extension, then he would have no choice but to file a motion for an extension of time.  (Doc. 7-1, p. 4)

Counsel for Kennedy Funding regrettably did not file that motion, and when the time for filing a responsive pleading ran out, the plaintiffs moved that the Clerk enter default pursuant to Fed.R.Civ.P. 55(a).  Default was entered on January 2, 2014.  (Doc. 5)

On January 3, 2014, Kennedy Funding filed the pending motion to set aside the default pursuant to Fed.R.Civ.P. 55(c).

Discussion

"The court may set aside an entry of default for good cause . . . ."  Fed.R.Civ.P. 55(c). "To determine 'good cause', a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default . . . would prejudice the other party."  *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th

Cir. 2010) (punctuation modified) "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*.

The court first considers whether Kennedy Funding engaged in "culpable conduct." "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id*. (punctuation modified)

Here, Kennedy Funding's failure to file a timely answer was not culpable conduct. Although counsel knowingly failed to file a response to the complaint within the original deadline, he apparently believed that the plaintiffs' counsel had stipulated to an extension of the deadline and that this stipulation could not be retracted. Counsel directs the court to LRCiv 83.7 and argues that under this Rule, the stipulation was binding because it was memorialized in writing in an email. Counsel is wrong. The Local Rules notwithstanding, counsel may not extend any deadlines without a court order. *In re Sonoma V*, 703 F.2d 429, 431 (9th Cir. 1983). Here, there was no court order, the deadline was not extended, and Kennedy Funding was in default. The default stemmed, however, from ignorance, not bad faith. Accordingly, the court concludes Kennedy Funding's failure to file a timely answer was not culpable conduct.

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). "But the burden on a party seeking to vacate a default judgment is

not extraordinarily heavy." *Id.*  "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Id.*

In this case, Kennedy Funding affirmatively asserts that the documents filed by the plaintiff as exhibits to the complaint establish the plaintiff's liability for the loan.  (Doc. 7, pp. 5-6)  These documents are the Loan and Security Agreement; Promissory Note; Guarantee; and Assignment of Licenses, Contracts, Plans, Specifications, Surveys, Drawings and Reports.  *Id.*  Kennedy Funding further asserts that none of the documents are forgeries.  Kennedy Funding has alleged sufficient facts to constitute a meritorious defense for the purposes of Rule 55(c).

Finally, Kennedy Funding filed the pending motion to set aside the default one day after default was entered.  Setting aside the entry of default would not prejudice the plaintiffs.  The plaintiffs do not argue to the contrary.  (Doc. 11)

Kennedy Funding's default was not the result of culpable conduct.  Kennedy Funding asserts a meritorious defense, and the plaintiffs would not be prejudiced if the entry of default were set aside.  The court concludes that Kennedy Funding has established good cause to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c).

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the motion to set aside entry of default, filed by the defendant, Kennedy Funding Inc. (Doc. 7)  If the District Court grants the pending motion, the court should give Kennedy Funding 20 days within which to file an Answer and a response to the pending motion to remand (Doc. 13)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived.  *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).  The Local Rules

permit the filing of a response to an objection. They do not permit the filing of a reply to a response.

DATED this 4th day of February, 2014.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge

- 5 -