# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Sanchez Ibarra, et al., | No. CV-13-02371-TUC-JGZ (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Kennedy Funding Incorporated, et al., | |
| Defendants. | |

On February 4, 2014, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (R&R) (Doc. 23) in which she recommended granting Defendant Kennedy Funding, Inc.'s (KFI) Motion to Set Aside Entry of Default. (Doc. 7.) The R&R provided that any party could file written objections within fourteen (14) days after being served with a copy of the R&R. On February 4, 2014, Plaintiffs filed "Notice of Waiver of Objections to Magistrate's Report and Recommendation," stating that while they disagreed with the Magistrate Court's finding that KFI's default was not "culpable," they nevertheless accepted the recommendation that the default should be set aside. (Doc. 25.) After an independent review of the record, the Court adopts the R&R.

## STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the R&R. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D. Or. 1998).

/ / /

**FACTUAL BACKGROUND**

Because no objections were raised to the R&R's factual findings, they are adopted by reference herein.

**DISCUSSION**

An entry of default may be set aside for "good cause." Rule 55(c), Fed.R.Civ.P. To determine "good cause," a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The Magistrate Judge concluded that all three factors weighed in favor of KFI, including finding that defense counsel's failure to timely respond to the Complaint did not constitute "culpable conduct." (Doc. 23, p. 3.) Although Plaintiffs' Notice states they disagree with the R&R's no "culpable conduct" finding, Plaintiffs do not object, and the finding is therefore reviewed for clear error. *See Johnson*, 170 F.3d at 739. After an independent review, this Court finds that the R&R's no "culpable conduct" finding is not clearly erroneous. *See, e.g., In re Anonymous Online Speakers*, 661 F.3d 1168, 1177 (9th Cir. 2011) ("The clear error standard is highly deferential and is only met when 'the reviewing court is left with a 'definite and firm conviction that a mistake has been committed.'") (citations omitted). The "good cause" standard applied here is "disjunctive," and although "[a] district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, [it] […] need not." *Brandt v. American Bankers Ins. Co. of Florida,* 653 F.3d 1108, 1112 (9th Cir. 2011). Because KFI satisfies the remaining "good cause" factors and "judgment by default is a drastic step appropriate only in extreme circumstances," this Court agrees with the R&R's recommendation that this case should be decided on the merits. *Mesle*, 615 F.3d at 1091. Accordingly,

**IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Doc. 23) is **ACCEPTED AND ADOPTED** as

the findings of fact and conclusions of law of this Court;

2. Defendant Kennedy Funding Inc.'s Motion to Set Aside Entry of Default (Doc. 7) is **GRANTED**;

3. Defendant KFI shall file its Answer, or otherwise respond, within 7 days of the filing of this Order;

4. Defendant KFI shall file its Response to the Amended Motion to Remand (Doc. 13) within 14 days of the filing of this Order; and

5. This Case remains referred to the Honorable Leslie A. Bowman for all pre-trial matters, and pleadings shall be filed under CV 13-2371-TUC-JGZ (LAB).

Dated this 26th day of February, 2014.

_____
Jennifer G. Zipps
United States District Judge