WO

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Alberto Sanchez Ibarra and Martha Gayou Matiella, husband and wife; Alberto Martin Sanchez Gayou and Kristy Anne Shannon, husband and wife; and Luis Carlos Sanchez Gayou and Margot Padres Elias, husband and wife,<br><br>  Plaintiffs,<br>v.<br><br>Kennedy Funding, Inc., a foreign corporation; Fuentes, Gomez & Associates, LLC, an Arizona limited liability company; Ramon Alberto Fuentes and Lilia Lizeth Corrales, husband and wife; Efrain Corrales and Cecilia Corrales; husband and wife; and Jose Martin Fuentes and Jane Doe Fuentes, husband and wife,<br><br>  Defendants.<br>_____<br>Kennedy Funding, Inc., a foreign corporation,<br><br>  Counterclaimant<br>v.<br>Alberto Sanchez Ibarra and Martha Gayou Matiella, husband and wife; et al.<br><br>  Counterdefendants<br>_____ | CIV 13-2371 TUC JGZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is an amended motion to remand, filed by the plaintiffs on January 22, 2014. (Doc. 13)

This action arises out of a loan in the amount of $3.46 million made by the defendant, Kennedy Funding, Inc. (Kennedy), to the defendant, Fuentes, Gomez & Associates, LLC (FG&A). The loan was secured by a mortgage granted by the plaintiffs on certain property in Mexico. FG&A subsequently defaulted on the loan, and so far, Kennedy has been unable to foreclose on the Mexican property. On May 28, 2012, Kennedy sent the plaintiffs a letter accompanied by four documents dated June 15, 2004 – a Loan and Security Agreement, a Promissory Note, a Guaranty, and an Assignment of Licenses. Kennedy asserts that, pursuant to these documents, the plaintiffs are personally liable for FG&A's debt. The plaintiffs maintain these documents are forgeries, and they are not indebted to Kennedy for any amount.

In the pending motion, the plaintiffs move that the action be remanded to state court because, contrary to the notice of removal, this court lacks diversity jurisdiction. Specifically, the plaintiffs argue the individual defendants are not diverse from the plaintiffs, Kennedy's assertion of fraudulent joinder notwithstanding. *See* 28 U.S.C. § 1332(a)(1).

The case has been referred to Magistrate Judge Bowman for report and recommendation pursuant to the Local Rules of Practice. LRCiv 72.1. The court finds the motion suitable for decision without oral argument.

The motion should be granted. There is no fraudulent joinder, and this court does not have diversity jurisdiction.

Background

This action was originally filed in Santa Cruz County Superior Court on October 29, 2013. (Doc. 1-4, p. 2) The complaint contains five counts but only three of them are relevant to the pending motion. In Count 1, the plaintiffs seek a declaratory judgment stating that the documents that purport to hold them personally liable are forgeries that are "null, void, and of no effect against the [plaintiffs]." (Doc. 1-4, p. 8) In Count 3, the plaintiffs assert a claim for civil conspiracy against the individual defendants, Ramon Alberto Fuentes, Efrain Corrales, and Jose Martin Fuentes, who the plaintiffs believe procured the forged documents. (Doc. 1-4, p.

9) In Count 4, the plaintiffs claim the individual defendants have engaged in a pattern of unlawful activities. (Doc. 1-4, p. 9)

The complaint gives the following information concerning the citizenship of the various parties: The plaintiffs, Luis Carlos Sanchez Gayou, Margot Padres Elias, Alberto Sanchez Gayou, and Kristy Anne Shannon, "are citizens of and reside in Santa Cruz County, Arizona." (Doc. 1-4, p. 3) The plaintiffs, Alberto Sanchez Iberra and Martha Gayou Matiella, "reside in Pima County, Arizona." *Id*.

The individual defendants, Ramon Alberto Fuentes, Efrain Corrales, and Jose Martin Fuentes, "claimed to reside in and to be a citizen of Santa Cruz County, Arizona, but whose current place of residence and citizenship are unknown." *Id*. The defendant, Fuentes, Gomez & Associates, LLC (FG&A), was incorporated in Arizona and has its principal place of business here. *Id*. Kennedy Funding (Kennedy) is New Jersey corporation. *Id*. The complaint does not state Kennedy's principal place of business. *See* 28 U.S.C.A. § 1332 ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

The defendant, Kennedy, was served on November 21, 2013. (Doc. 7, p. 2) On December 19, 2013, Kennedy filed a notice of removal in this court pursuant to 28 U.S.C. § 1446 alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, p. 1) Kennedy asserts that "all legitimately named Defendants to this action are diverse in citizenship from all Plaintiffs" and "[a]ny named Defendants that may be citizens of Arizona were fraudulently joined and must be disregarded for diversity jurisdiction purposes." (Doc. 1, p. 2)

Shortly afterwards, the plaintiffs filed an application for entry of default against Kennedy, which was granted by the Clerk. (Docs. 4, 5) Kennedy filed a motion to vacate entry of default on January 3, 2014. (Doc. 7)

On January 21, 2014, the plaintiffs filed a motion to remand. The next day, they filed the pending amended motion to remand. (Doc. 13) The District Court vacated the entry of default against Kennedy on February 26, 2014. (Doc. 26)

1   In the pending motion, the plaintiffs argue this court lacks subject matter jurisdiction
2   because all defendants are not diverse from all plaintiffs, Kennedy's assertion of fraudulent
3   joinder notwithstanding. (Doc. 13)
4   As a preliminary matter, Kennedy argues the plaintiffs waived their right to object to
5   procedural defects in the removal notice when they filed their motion for entry of default against
6   Kennedy. The plaintiffs, however, argue the action must be remanded because this court does
7   not have diversity jurisdiction. This is not a procedural defect. It is a failure to assert subject
8   matter jurisdiction, an issue that cannot be waived. *See Kelton Arms Condominium Owners*
9   *Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

11   Discussion
12   A civil action filed in state court may be removed if that action could have been filed in
13   federal court originally. 28 U.S.C. § 1441. Removal proceeds pursuant to statute, which is
14   strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong
15   presumption against removal jurisdiction means that the defendant always has the burden of
16   establishing that removal is proper." *Id*. (punctuation modified)
17   "When an action is removed based on diversity, complete diversity must exist at
18   removal." *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986); *cert.*
19   *denied*, 479 U.S. 987 (1986). "Diversity is generally determined from the face of the
20   complaint." *Id*. If the complaint fails to establish diversity, the notice of removal must supply
21   the missing allegations. *Schroeder v. Trans World Airlines, Inc*., 702 F.2d 189, 191 (9th
22   Cir.1983), *overruled on other grounds by Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 9-11,
23   123 S.Ct. 2058 (2003). "Absent unusual circumstances, a party seeking to invoke diversity
24   jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."
25   *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).
26   The notice of removal states this court has diversity jurisdiction pursuant to 28 U.S.C.
27   § 1332. The face of the complaint, however, does not establish complete diversity between all

plaintiffs and all defendants. For instance, the complaint does not state the citizenship of the plaintiffs, Alberto Sanchez Iberra and Martha Gayou Matiella. The complaint gives their residency but not their citizenship. This is not sufficient. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute . . . speaks of citizenship, not of residency."); *but see* (Doc. 13, p. 2). The complaint also fails to state the principal place of business of the defendant, Kennedy. *See* 28 U.S.C.A. § 1332 ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

The complaint states that FG&A was incorporated in Arizona and has its principal place of business there. But as a limited liability corporation, FG&A takes the citizenship of its owners/members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). They apparently are the individual defendants, Ramon Alberto Fuentes, Efrain Corrales, and Jose Martin Fuentes. (Doc. 13, p. 2)

Finally, and most importantly, the complaint fails to state the citizenship of the individual defendants, Ramon Alberto Fuentes, Efrain Corrales, and Jose Martin Fuentes. In fact, it states they once claimed to be Arizona citizens, but now their citizenship is unknown.

The complaint fails to establish complete diversity of citizenship as required by 28 U.S.C. § 1332. The missing allegations, therefore, must be supplied by the notice of removal. They are not.

The notice does not state the citizenship of each party. Instead, it states simply that "all legitimately named Defendants to this action are diverse in citizenship from all Plaintiffs" and "[a]ny named Defendants that may be citizens of Arizona were fraudulently joined and must be disregarded for diversity jurisdiction purposes." (Doc. 1, p. 2) The notice does not explain which defendants were fraudulently joined and why that is so. The notice of removal is facially deficient, and remand is appropriate. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Monroe v. Gagan*, 2008 WL 4418155, 9 (D.Ariz. 2008).

- 5 -

Kennedy, however, has asked permission to amend its notice of removal in lieu of remand should this court find its notice of removal inadequate. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Accordingly, the court will consider the question of fraudulent joinder. If it exists, then amendment might not be futile.

"Fraudulent joinder is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent," and "the defendant's presence in the lawsuit is ignored for the purposes of determining diversity." *Id.*; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (punctuation modified). "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

The defendant's burden to establish fraudulent joinder is significant. "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944). In other words, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

"Fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant." *Didyoung v. Allstate Ins. Co.*, 2012 WL 1983779, 3 (D.Ariz. 2012). "Accordingly, if the facts alleged in the Complaint taken as true and drawing all inferences in Plaintiff's favor, can possibly state a claim under Arizona law against the defendant in question, there is no fraudulent joinder." *Id.*

In Count 1, the plaintiffs seek a declaratory judgment pursuant to A.R.S. § 12-1832 that the documents that purport to hold them personally liable for the loan made to FG&A are forgeries and unenforceable. A.R.S. § 12-1841 states that, "When declaratory relief is sought,

all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ."

Here, the plaintiffs named as defendants Ramon Alberto Fuentes, Efrain Corrales, and Jose Martin Fuentes. Their names also appear on the allegedly fraudulent documents as guarantors for FG&A's debt. These individual defendants obviously have an interest in the litigation. If the plaintiffs prove their signatures were forged, the guarantee would not be binding on them, but it still might be binding on the individual defendants. They could end up liable for FG&A's debt all by themselves.

The plaintiffs also named as a defendant FG&A. FG&A has a direct interest in the litigation because it will determine whether or not the plaintiffs are personally liable for the debt it owes to Kennedy.

Kennedy argues it is the only proper defendant because the plaintiffs seek an order declaring the guarantee unenforceable and this order would only affect Kennedy's rights, not the rights of the other defendants. The statute, however, requires joinder not only of those persons who have rights determined by the declaration but of those persons "who have or claim any interest which would be affected by the declaration." A.R.S. § 12-1841. Here, the other defendants have an interest in having the plaintiffs on the hook for the debt. They therefore must be joined. *See also Missouri United School Ins. Council v. Lexington Ins. Co.*, 2010 WL 1254657, 2 (E.D.Mo. 2010)  (Insured was properly joined in declaratory judgment action brought by insurance company seeking an order declaring two other insurance companies should also be providing coverage to the insured.).

Kennedy Funding further argues the other defendants are fraudulently joined citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989). This case, according to Kennedy, holds that a co-guarantor who is "jointly and severally liable" is not an indispensable party and may be dismissed pursuant to Rule 21. (Doc. 32, p. 9)  *Newman-Green*, however, is inapposite to the instant case.

1    In that case, the plaintiff discovered during appeal that the presence of one of the
2 defendants defeated the court's diversity jurisdiction. *Id.* He subsequently moved to dismiss
3 that defendant in order to preserve the district court's judgment below. *Id.* The Supreme Court
4 held that the court of appeals could grant the motion to dismiss the defendant pursuant to Rule
5 21 without remanding the case to the district court level. *Id.* The defendant could be dismissed
6 because he was "jointly and severally liable" and therefore a dispensible party. *Id.*

7    In this case, however, the cause of action is statutory. Whether or not the other
8 defendants should be joined is therefore determined by that statute, not by the nature of their
9 liability. More important, in *Newman-Green* the plaintiff filed a motion to dismiss the
10 defendant that defeated diversity. The Supreme Court held that the court of appeals had the
11 authority to grant the plaintiff's motion to dismiss a dispensible defendant that destroys
12 diversity. It did *not* hold that a defendant that destroys diversity always must be dismissed.
13 Here, there has been no such motion to dismiss. *Newman-Green* is inapposite to the instant
14 case.

15    Finally, Kennedy argues that if the other defendants are proper parties, then the court
16 should realign them as plaintiffs. "Federal courts have broad authority to look beyond the
17 pleadings, and arrange—or realign—the parties according to their sides in the dispute." *Scotts*
18 *Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156 (9th Cir. 2012) (punctuation modified). The court
19 will "align for jurisdictional purposes those parties whose interests coincide respecting the
20 primary matter in dispute." *Id.*

21    In this case, Kennedy argues the other defendants and the plaintiffs all want the
22 documents to be held unenforceable against Kennedy. Accordingly, their interests are aligned.
23 The court does not agree. The plaintiffs want the documents declared unenforceable against
24 *them*. They express no opinion as to whether or not they are enforceable against the individual
25 defendants. The individual defendants, as the court noted above, are interested in having the
26 documents declared enforceable against the plaintiffs because then someone else would be on
27 the hook for FG&A's debt. FG&A has an interest in having as many people as possible

28

responsible for its debt to Kennedy. The interests of the other defendants does not coincide with the interests of the plaintiffs. They should not be realigned.

The other defendants were properly joined in Count 1. There is no evidence that they are diverse from all plaintiffs. This court does not have diversity jurisdiction.

In Count 3, the plaintiffs bring a claim of civil conspiracy against the individual defendants. "For a civil conspiracy to occur two or more persons must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306, 757 P.2d 105, 110 (App. 1988) The plaintiffs allege the individual defendants conspired to commit forgery in violation of A.R.S. § 13-2002(A)(2).

Kennedy argues this claim fails because the object of the conspiracy must be a tort, and forgery is not a tort. (Doc. 32, p. 12) (*citing Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 498 (2002)). In the case cited by Kennedy, *Wells Fargo Bank*, the Arizona Supreme Court considered whether summary judgment was appropriate on a claim for civil conspiracy to commit fraud. *Id*. In that case, the underlying purpose of the conspiracy was a tort. The court, however, did not find that the underlying purpose of the conspiracy must be a tort and not a crime. *Id*. In fact, it does not appear that the Arizona courts have answered this issue definitively. Kennedy could be right, but "could be" is not enough. *But see Chowdhury v. Aegis Mortg. Corp.*, 2009 WL 3270090, 6 (E.D.Mich. 2009) ("The plaintiff must also allege an underlying tort or criminal activity the co-conspirators agreed to commit."); *Walker v. North Wales Borough*, 395 F.Supp.2d 219, 233 (E.D.Pa. 2005) ("Thus, civil conspiracy requires an agreement and either a criminal act or intentional tort."); *SICK, Inc. v. Motion Control Corp.*, 2003 WL 21448864, 10 (D.Minn. 2003) ("Thus, courts have held that civil conspiracy must be based upon a criminal act or an underlying intentional tort.").

Kennedy cannot show that the plaintiff's claim "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state"

1  *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Accordingly, there is
2  no fraudulent joinder.  *See, e.g., Slocum v. Firstar Bank Cedar Rapids*, 2002 WL 1070943, 3
3  (Iowa App. 2002) (unpublished) ("[S]ubstantial evidence supports the jury finding that the bank
4  knew of the forgery of certain documents, participated in the forgery of the documents [and
5  therefore was liable for civil conspiracy].").

6  Kennedy further argues the civil conspiracy claim is barred by the two-year statute of
7  limitations for tort claims.  *See* A.R.S. § 12-542.  Kennedy acknowledges that Arizona employs
8  a discovery rule that could delay the onset of the limitations period, but it argues the claim is
9  still barred.  (Doc. 32, p. 10)  (citing *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of
10 Am.*, 182 Ariz. 586, 588, 898 P.2d 964 (Ariz. 1995).

11 According to Kennedy, the plaintiffs should have known about the allegedly forged
12 documents on June 17, 2004 because that is the date that the Mortgage document was signed,
13 and the plaintiffs admit to signing the Mortgage.  Kennedy maintains the Mortgage and the
14 allegedly forged documents were in the same "packet of Loan Documents" and "[i]f they signed
15 one document, they would necessarily be aware of the other documents, which also required
16 their signatures."  (Doc. 32, p. 11)

17 In the alternative, Kennedy argues the plaintiffs knew about the allegedly forged
18 documents on May 13, 2005.  On that date, Kennedy and FG&A signed a document whereby
19 Kennedy agreed to forgo its right to unpaid interest and late fees if FG&A timely cured its
20 default.  This document referenced the Loan and Security Agreement, one of the alleged
21 forgeries.  Kennedy alleges this document was sent to the plaintiffs but does not state if the
22 Loan and Security Agreement was also sent.

23 Finally, Kennedy argues the plaintiffs knew about the allegedly forged documents by
24 September 10, 2008.  On that date, Kennedy filed suit in Mexico to enforce the Mortgage
25 agreement, and in its complaint, Kennedy stated that it believed the plaintiffs were "Guarantors"
26 for the loan.  (Doc. 32, p. 11)

- 10 -

The plaintiffs, on the other hand, assert the opposite. In the complaint, the plaintiffs explicitly allege that they were unaware of the allegedly forged documents until May 28, 2012, when Kennedy sent the plaintiffs a letter accompanied by the four documents asserting that the individual plaintiffs are personally liable for FG&A's debt. (Doc. 1-4, p. 7)

Kennedy provides *some* evidence that the civil conspiracy claim is barred by the two-year statute of limitations. It has not, however, established by "clear and convincing" evidence that this count fails to state a cause of action against the individual defendants "and the failure is *obvious* according to the settled rules of the state." *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (emphasis added); s*ee also Mirchandani v. BMO Harris Bank NA*, 2011 WL 6019311, 5 (D.Ariz. 2011) ("For the purposes of determining whether TradeCor was properly joined, it is enough to find that Plaintiffs have 'a glimmer of hope' that a state court may so find, and the Court finds that they do.").

The individual defendants were properly joined in Count 3. There is no evidence that they are diverse from all plaintiffs. This court does not have diversity jurisdiction. The court does not consider whether or not fraudulent joinder exists in Count 4.

Finally, Kennedy argues removal is appropriate based on the federal question presented in their counterclaim. A counterclaim raising a federal question, however, cannot justify removal. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

The notice of removal fails to establish diversity jurisdiction. And, joinder of defendants other than Kennedy was not "fraudulent." Amendment of the notice would be futile.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the amended motion to remand, filed by the plaintiffs on January 22, 2014. (Doc. 13) If the action is remanded, the court may retain jurisdiction to permit the plaintiffs an opportunity to file a separate motion for attorney's fees and costs

- 11 -

pursuant to 28 U.S.C. § 1447(c). *See* LRCiv 54.2; *Gilding v. Carr*, 608 F.Supp.2d 1147, 1156 (D.Ariz. 2009).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response.

DATED this 12th day of May, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge