**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Alberto Sanchez Ibarra and Martha Gayou Matiella, husband and wife; Alberto Martin Sanchez Gayou and Kristy Anne Shannon, husband and wife; and Luis Carlos Sanchez Gayou and Margot Padres Elias, husband and wife,<br><br>　　　　　Plaintiffs,<br>v.<br><br>Kennedy Funding, Inc., a foreign corporation; Fuentes, Gomez & Associates, LLC, an Arizona limited liability company; Ramon Alberto Fuentes and Lilia Lizeth Corrales, husband and wife; Efrain Corrales and Cecilia Corrales; husband and wife; and Jose Martin Fuentes and Jane Doe Fuentes, husband and wife,<br><br>　　　　　Defendants.<br>_____<br><br>Kennedy Funding, Inc., a foreign corporation,<br><br>　　　　　Counterclaimant<br>v.<br><br>Alberto Sanchez Ibarra and Martha Gayou Matiella, husband and wife; et al.<br><br>　　　　　Counterdefendants<br>_____ | CIV 13-2371 TUC JAS (LAB)<br><br>**REPORT AND RECOMMENDATION** |

　　Pending before the court is the plaintiffs' motion for attorneys' fees filed on July 7, 2014. (Doc. 44)

Also pending is the plaintiffs' motion to file under seal their attorneys' fee agreement. (Doc. 45)

This action arises out of a loan in the amount of $3.46 million made by the defendant, Kennedy Funding, Inc. (Kennedy), to the defendant, Fuentes, Gomez & Associates, LLC (FG&A). The loan was secured by a mortgage granted by the plaintiffs on certain property in Mexico. FG&A subsequently defaulted on the loan, and so far, Kennedy has been unable to foreclose on the Mexican property. On May 28, 2012, Kennedy sent the plaintiffs a letter accompanied by four documents dated June 15, 2004 – a Loan and Security Agreement, a Promissory Note, a Guaranty, and an Assignment of Licenses. Kennedy asserts that, pursuant to these documents, the plaintiffs are *personally* liable for FG&A's debt. The plaintiffs maintain these documents are forgeries, and they are not indebted to Kennedy for any amount.

In the pending motion, the plaintiffs move for an award of attorneys' fees resulting from Kennedy's unsuccessful attempt to remove this action from state court.

The case has been referred to Magistrate Judge Bowman for report and recommendation pursuant to the Local Rules of Practice. LRCiv 72.1.

The motion should be denied. Kennedy's motion to remove was not objectively unreasonable.

Background

This action was originally filed in Santa Cruz County Superior Court on October 29, 2013. (Doc. 1-4, p. 2) The complaint contains five counts, but only three of them are relevant to the pending motion. In Count 1, the plaintiffs seek a declaratory judgment stating that the documents that purport to hold them personally liable are forgeries that are "null, void, and of no effect against the [plaintiffs]." (Doc. 1-4, p. 8) In Count 3, the plaintiffs assert a claim for civil conspiracy against the individual defendants, Ramon Alberto Fuentes, Efrain Corrales, and Jose Martin Fuentes, who the plaintiffs believe procured the forged documents. (Doc. 1-4, p.

9) In Count 4, the plaintiffs claim the individual defendants have engaged in a pattern of unlawful activities. (Doc. 1-4, p. 9)

The lineup of parties is a bit unusual. The plaintiffs name as defendants not only Kennedy, the unpaid lender, but also their original partners and the defaulting joint venture.

The defendant, Kennedy, was served on November 21, 2013. (Doc. 7, p. 2) On December 19, 2013, Kennedy filed a notice of removal in this court pursuant to 28 U.S.C. § 1446 alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, p. 1) Kennedy asserted that "all legitimately named Defendants to this action are diverse in citizenship from all Plaintiffs" and "[a]ny named Defendants that may be citizens of Arizona were fraudulently joined and must be disregarded for diversity jurisdiction purposes." (Doc. 1, p. 2) Kennedy believed the plaintiffs' original partners were named as defendants simply in order to destroy diversity.

On June 16, 2014, this court granted the plaintiffs' amended motion to remand. (Doc. 43) On July 7, 2014, the plaintiffs' filed the pending motion for attorneys' fees. (Doc. 44) They also filed the accompanying motion to file their fee agreement under seal. (Doc. 45)

Discussion

A civil action filed in state court may be removed if that action could have been filed in federal court originally. 28 U.S.C. § 1441. Removal proceeds pursuant to statute, which is strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If removal is ultimately unsuccessful, attorneys' fees maybe awarded to the plaintiff pursuant to 28 U.S.C. § 1447(c).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007) "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "[W]hether a removal is improper is not dispositive in determining whether fees should be awarded under 28 U.S.C. § 1447(c)." *Id*. at 562. "Rather,

- 3 -

the standard for awarding fees turns on the reasonableness of the removal." *Id*. (punctuation modified).

In this case, Kennedy's removal motion was not objectively unreasonable, and therefore the plaintiffs' motion for attorneys' fees should be denied. Although Kennedy's arguments were not accepted, they were at least colorable given the current state of the caselaw.

For example, Kennedy argued the individual defendants were fraudulently joined in Count 1, which was based on the Arizona declaratory judgment statute, because an order declaring the guarantee unenforceable would only affect Kennedy's rights, not the rights of the other defendants. The court rejected that argument based on the wording of the statute reasoning that the individual defendants must be named because they are persons "who have or claim any interest which would be affected by the declaration." A.R.S. § 12-1841. This question, however, has not yet been addressed by the Arizona courts. Accordingly, the court finds Kennedy's argument at least colorable.

Kennedy further argued that Count 3 must fail because in that count, the plaintiffs allege that the defendants conspired to commit forgery, and the object of a civil conspiracy must be a tort, not a crime. The court did not accept this argument finding that the law in Arizona on this issue is not settled and therefore Kennedy could not meet the heavy burden of showing fraudulent joinder. Nevertheless, as the court stated, the law on this issue is not yet settled. Accordingly, the court finds Kennedy's motion was not objectively unreasonable. *See, e.g., Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1066 (9th Cir. 2008) (Attorney's fees were denied where the defendant raised an issue of first impression in the circuit and its arguments were not clearly foreclosed by the caselaw.); *Ellis v. Wells Fargo Bank, N.A.*, 2014 WL 585627, 3 (S.D.Cal. 2014) ("Given the unsettled state of the law within the Ninth Circuit on the issue, Defendant did not lack an objectively reasonable basis for seeking removal.").

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order DENYING the plaintiffs' motion for attorneys' fees filed on July 7, 2014 (Doc. 44) and DENYING as MOOT the plaintiffs' motion to file under seal their attorneys' fee agreement. (Doc. 45)

All outstanding motions should be DENIED as MOOT, and the Clerk of the Court should be instructed to close the case.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived.  The Local Rules permit the filing of a response to an objection.  They do not permit the filing of a reply to a response.

DATED this 2nd day of September, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge